U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JUL 18 2006

LORETTA G. WHYTE
CLERK

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
May 25, 2006

Charles R. Fulbruge III
Clerk

---

No. 04-30108
Summary Calendar

---

D.C. Docket No. 2:00-CR-319-1-D
2:03-CV-2071

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

HARRY HANDY, also known as Dubie

    Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

### J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed in part and vacated in part, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: JUL 18 2006

\_\_ Fee\_\_\_\_\_
\_\_ Process\_\_\_\_\_
X  Dktd\_\_\_\_\_
\_\_ CtRmDep\_\_\_\_\_
\_\_ Doc. No.\_\_\_\_\_

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
    Deputy

New Orleans, Louisiana   JUL 18 2006

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY HANDY, also known as Dubie,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2071
USDC No. 2:00-CR-319-1-D

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Harry Handy appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base. A judge of this court granted Handy's motion for a certificate of appealability (COA) on the following issues: (1) whether Handy's trial attorneys were ineffective in that they promised falsely that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Handy would be sentenced to no more than 13 years in prison if he pleaded guilty; (2) whether his attorneys' false promise rendered his guilty plea unknowing and involuntary; and (3) whether the district court should have conducted an evidentiary hearing on these issues. <u>United States v. Handy</u>, No. 04-30108 (5th Cir. Aug. 18, 2004)(unpublished). On reconsideration, a panel of this court granted a COA on the additional issue whether Handy's trial counsel was ineffective for failing to object at sentencing to the Government's breach of the plea agreement. <u>United States v. Handy</u>, No. 04-30108 (5th Cir. Oct. 27, 2004) (unpublished).

Handy argues that his trial attorneys were ineffective in that they induced him to plead guilty by falsely promising him that he would receive no more than 13 to 17 years of imprisonment and they advised him to deny that he was promised a specific sentence during the guilty-plea hearing. He also argues that the district court erred in not considering the affidavits that he submitted. In view of <u>United States v. Herera</u>, 412 F.3d 577, 580-82 (5th Cir. 2005), the district court should have conducted an evidentiary hearing to determine whether his attorneys advised Handy that he would not receive more than 13 to 17 years of imprisonment and whether his attorneys advised Handy to deny that he received a promise of a specific sentence at the guilty-plea hearing. Accordingly, the district court's judgment is vacated and the case is remanded for an evidentiary hearing concerning these issues.

Handy also argues that his trial attorneys failed to object to the Government's breach of the plea agreement. Although the Government may bargain away its discretion concerning whether to file a motion for a downward departure based on a defendant's substantial assistance under U.S.S.G. § 5K1.1, the Government did not do so in this case. See United States v. Aderholt, 87 F.3d 740, 742 (5th Cir. 1996). Handy's plea agreement expressly states: "It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed." Handy's case is distinguishable from United States v. Laday, 56 F.3d 24, 25-26 (5th Cir. 1995), in which the Government did not retain the discretion to determine whether to file a § 5K1.1 motion. Handy has not shown that the Government breached the plea agreement in the instant case by not filing a § 5K1.1 motion for a downward departure based on his substantial assistance. See Aderholt, 87 F.3d at 742. Therefore, the district court did not err in holding that Handy's trial counsel was not ineffective for failing to object to the Government's alleged breach of the plea agreement. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In his brief, Handy raises two additional issues: (1) his trial attorneys were ineffective in that they failed to investigate the facts, file objections to, and present evidence in opposition to the two-level sentencing enhancement for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1); and (2) his appellate attorney

was ineffective in that he failed to argue that the district court failed to establish on the record at the rearraignment hearing both the factual basis for the plea and the elements of the offense. A COA was not granted as to these issues and, therefore, this court lacks jurisdiction to consider them. See 28 U.S.C. § 2253(c)(1)(C); Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR EVIDENTIARY HEARING.