UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-319 |
| HARRY HANDY 27250 | SECTION: "D" |

## PRE-HEARING MEMORANDUM ON BEHALF OF HARRY HANDY

MAY IT PLEASE THE COURT:

The evidentiary hearing presently scheduled for November 13, 2006, on Mr. Handy's 28 U.S.C. § 2255 results from the May 25, 2006, Opinion[1] of the Fifth Circuit. In that Opinion, the Fifth Circuit held that Mr. Handy was entitled to an evidentiary hearing stating

> "In view of United States v. Herera, 412 F.3d 577, 580-82 (5th Cir. 2005), the district court should have conducted an evidentiary hearing to determine whether his attorneys advised Mr. Handy that he would not receive more than 13 to 17 years of imprisonment and whether his attorneys had advised Mr. Handy to deny that he received a promise of a specific sentence at the guilty plea hearing."[2]

To prevail, on his ineffective assistance of counsel claim, Mr. Handy demonstrate two things:

> "To prevail on an ineffective-assistance-of-counsel claim, Herrera must satisfy the two-part test enunciated in *Strickland v. Washington*. First,

---

[1] *United States v. Handy*, No. 04-30108 (5th Cir., May 25, 2006)(unpublished).
[2] *United States v. Handy*, supra, at p. 2.



Herrera must demonstrate that his attorney's performance fell below an objective standard of reasonableness. This court has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." Second, Herrera must also prove that he was prejudiced by his attorney's substandard performance. "To prove prejudice, [Herrera] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3]

The Fifth Circuit has held that: "Failing to advise the defendant of the maximum sentence that he could receive falls below the objective standard required by Strickland."[4] In *United States v. Herera*, Mr. Herera complained that he would not have rejected the plea bargain if he had been properly advised by his attorney of the maximum sentence he faced if convicted. The Fifth Circuit held that:

> "Not only would the attorney's assistance be deficient under these circumstances, a 27-month increase in a sentence constitutes prejudice under the second prong of *Strickland*."[5]

By remanding this case based upon *United States v. Herera*, it is clear the Fifth Circuit has declined to distinguish between a case where a defendant goes to trial or enters a guilty plea as a result of being misinformed of the of the maximum sentence under the federal sentencing guidelines. In the present case Mr. Handy asserts his trial counsel underestimated his maximum sentence under the federal

---

[3] United States v. Herera, 412 F.3d 577, 580 (5th Cir. 2005). [Notes omitted.]
[4] Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995; quoted with approval in United States v. Herera, supra at p. 580.
[5] United States v. Herera, supra at p. 581.

2

sentencing guidelines by more than ten years and that if he had been properly advised of the maximum sentence he faced, he would have rejected the plea bargain that resulted in a sentence of 327 months incarceration.

## CONCLUSION

The evidentiary hearing will determine whether Mr. Handy's trial counsel misrepresented the prison time he faced and whether Mr. Handy relied upon on that misrepresentation in accepting the Government's plea offer.

Respectfully submitted,

_____
FRANK SLOAN
948 Winona Drive
Mandeville, Louisiana 70471
985) 845-9492
Louisiana Bar Roll No. 12136

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above pleading has been faxed and mailed to Tony Sanders, Assistant United States Attorney, on this 8th day of November, 2006.

_____
FRANK SLOAN

3