FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -1  AM 9: 53

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-319 |
| v. | * | SECTION: "D" |
| HARRY C. HANDY | * | |

\* \* \*

## GOVERNMENT'S SUPPLEMENTAL PRE HEARING MEMORANDUM BRIEF

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this Supplemental Memorandum Brief pursuant to this Court's briefing notice to call to this Court's attention two cases applying the argument of the government.

First, in *United States v. Blount,* 159 Fed.Appx. 591, *592, 2005 WL 3588440, **1 (C.A.5 (La. (C.A.5 (La.),2005) the court states:

> To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 689-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. To show *Strickland* prejudice, a

___ Fee_____
___ Process_____
_X_/Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

movant must demonstrate that counsel's errors were so serious as to "render [ ] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). A failure to establish either deficient performance or prejudice defeats the claim. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. **In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would received less time in prison. See *United States v. Grammas,* 376 F.3d 433, 438 (5th Cir.2004); *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).** To show she was prejudiced by deficient performance on direct appeal, Blount must demonstrate a reasonable probability that the claim would have been successful on appeal, a standard that "requires [the court of appeals to] counter-factually determine the probable outcome on appeal····" *United States v. Dovalina,* 262 F.3d 472, 474 (5th Cir.2001) (citation and internal quotation marks omitted). (Emphasis supplied)

Second, this proof requirement was applied in *United States v. Taylor,* 2005 WL 3370624, *3 (S.D.Miss.) (S.D.Miss.,2005), (Not reported in F. Supp.2d), where Taylor claimed that his attorney "tricked" him by telling him that he would be sentenced to only 41 months after pleading guilty, and that he was "astonished" when he was actually sentenced to 151 months.

The court in *Taylor, Id.* at 6 stated:

> While Taylor's attorney might have also mis-advised him about his true exposure under the plea agreement,[FN6] the petitioner was not prejudiced inasmuch as there is no argument that he was sentenced to a greater amount of time because of that mistake. To establish prejudice, Taylor would have to show that if his attorney had properly advised him of his probable sentence under the plea, he would have gone to trial instead, and that he would have either been acquitted or, if convicted at trial, that this Court would have sentenced him to less than 151 months in prison. Taylor, however, makes no argument that he is actually innocent or that a conviction would have been unlikely at trial for other reasons, such as for lack of evidence. Additionally, there is no indication that this Court would have sentenced him more leniently upon a conviction at trial. The petitioner's claim that he received ineffective assistance of counsel is without merit.

2

FN6. Of course, that fact has not been established, but for purposes of this ruling we are assuming that the petitioner's counsel did make such a statement.

## CONCLUSION

For the foregoing reasons, the government respectfully requests, after hearing, that the Court deny Harry Handy the requested relief under 28 U.S.C. § 2255.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
TONY GORDON SANDERS, Bar #11705
Assistant U.S. Attorney
Hale Boggs Federal Building
500 Poydras Street, Room 210-B
New Orleans, LA 70130
Tel. (504) 680-3167

3

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served upon counsel of record for the Defendant via facsimile and by placement in the United States Mail, postage prepaid and properly addressed, this 30th day of November, 2006.

_____
TONY GORDON SANDERS
Assistant U.S. Attorney