UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARRY HANDY** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | CASE NO.: 00-319 |
| | * | |
| **UNITED STATES OF AMERICA** | * | SECTION: "D" |

**FILED:** _____

_____ **DEPUTY CLERK**

## POST HEARING MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO WITHDRAW GUILTY PLEA

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, comes Petitioner, Harry Handy, through undersigned counsel, who respectfully requests this Honorable Court's consideration of this *Post-Hearing Memorandum in Support of Habeas Corpus Relief*. As this Court is aware, a hearing was conducted on the claims raised in Petitioner's timely filed *pro se* Habeas Corpus Petition on December 7, 2006. At that hearing, argument was presented concerning the sentencing issues raised in Petitioner's 2255 brief, as well as testimony from Petitioner and his trial counsels, Harry Boyer and Clifton Stoutz. Defendant now submits this *Post-Hearing Memorandum* as requested by this Honorable Court, and requests that this Court consider this in conjunction with all facts and argument previously set forth in his timely filed *pro se* Habeas Corpus Petition, as well as any and all testimony adduced at the

hearing held before this Court.

## STATEMENT OF THE CASE

Petitioner Harry Handy was charged by bill of indictment with a violation of 21 USC §846, relative to conspiracy to distribute narcotics. On March 21, 2001, Handy entered a guilty plea. At sentencing on July 11, 2001, after being sentenced to 327 months and five years supervised release, Handy attempted to withdraw his guilty plea in court. The district court denied this motion. Following a request through the Freedom of Information Act, Handy received copies of audio-taped conversations between himself and one of his attorneys, Clifton Stoutz, which took place while Handy was incarcerated. Based on the information, Handy timely filed his *pro se* Petition for Habeas Corpus Relief, raising several assignments of error, including ineffective assistance of counsel and an involuntary guilty plea. This matter was remanded by the United States Fifth Circuit to the district court for an evidentiary hearing. Hearing was conducted on this matter, and pursuant to this Court's order, Petitioner now submits this post-hearing memorandum.

## ISSUE

Whether Petitioner's plea of guilty was freely, knowingly, and voluntarily entered.

## LAW AND ARGUMENT

Brady v. United States provides that a plea of guilty, must, as a matter of due process, be a voluntary, knowing, and intelligent act. 397 U.S. 742, 747-748 (1970). For that plea to be knowing and voluntary, a defendant must be advised of and understand the consequences of the guilty plea. *See* McMann v. Richardson, 397 U.S. 759, 766 (1970); United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). As long as the defendant understands the length of time he might possibly receive, he is fully aware of the consequences. These consequences, in sentencing terms, mean a defendant

must know the maximum penalties faced. United States v. Guerra, 94 F.3d 989, 995 (5th Cir. 1996); Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982). Furthermore, those "outer limits must be precisely, and not just substantially, known". Hill v. Estelle, 653 F.2d 202, 205 (5th Cir. 1981), *citing* United States v. Perwo, 433 F.2d 1301 (5th Cir. 1970).

Petitioner was unaware of the consequences of his plea in the instant case, and certainly was not aware of the maximum penalty he faced. According to Petitioner's sworn testimony from the December 7, 2006 evidentiary hearing, Attorney Harry Boyer did not discuss the sentencing guidelines or enhancements with him prior to sentencing. Furthermore, Petitioner firmly believed that he would receive 11-13 years, but in no case would his sentence exceed 13 years. December 7, 2006 Evidentiary Hearing Transcript (hereinafter Hearing Transcript), pg. 151. During questioning by the government, Mr. Handy again confirmed this sentence range, admitting that he and his attorneys did discuss his sentence in months-135-168 months. Hearing Transcript, pg. 167. Petitioner was "deadset on 13", and even clarified when questioned by habeas counsel whether he might have misunderstood the possible sentence terms. Petitioner responded: "[n]o, they showed me on the book and everything, and that's what I understood". Hearing Transcript, pg. 160.

However, the depth of his attorneys' failure to prepare did not end there. Petitioner also testified that his attorneys did not review his factual basis and plea letter with him until the morning of his sentencing. He also testified that he tried to read before signing, but was told to hurry up and sign, facts which were confirmed by both Boyer and Stoutz. Hearing Transcript, pg. 157, 170-173. It was during his sentencing, following the district court's denial of the enhancement objections, that Petitioner first tried to withdraw his guilty plea. At the evidentiary hearing, the Court noted this fact as significant. *Id.* at 158. Petitioner also attempted to withdraw his plea because the sentencing

3

range differed from what his attorneys had communicated. *Id.* at 157. Clearly Petitioner was unaware of the consequences he was facing, a fact which was only magnified by his counsels' ineffective assistance at trial.

This is a due process violation which warrants relief. "Ignorance of the consequences of the plea is a factor that may require its rejection". Lewellyn v. Wainwright, 593 F.2d 15, 17 (5th Cir. 1979). More importantly, a conviction based on an involuntary or coerced plea, whether through ignorance, fear, or inadvertence, is invalid and inconsistent with due process of law. Haacks v. Wainwright, 387 F.2d 176, 177-178 (5th Cir. 1968). In Lewellyn, the United States Fifth Circuit determined that because Lewellyn was ignorant of the maximum sentence he was exposed to following his guilty plea, his plea was involuntary and invalid as a matter of due process. 593 F.2d at 17. Like Lewellyn, and based on the promises of Handy's attorneys, Petitioner was ignorant of the maximum sentence he would be exposed to, rendering his plea involuntary and invalid. Stoutz even confirmed that he told Petitioner he was only facing 13-17 years, a far cry from the 27 years Petitioner actually received. Hearing Transcript, pg. 25, 26, 29. Even more egregious, Stoutz testified that after receiving the presentence report with a minimum recommendation of 262 months and a maximum of 327 months, he still did not tell Petitioner what the actual minimum and maximum sentences he was facing were, since Stoutz himself did not understand the guidelines as this was his first federal case. *Id.* at 49-52.

Petitioner did not receive effective assistance of counsel, which clearly worked to his detriment, and based on the promises of counsel, entered a guilty plea. Handy relied on the information provided by counsel Stoutz, with whom he had a prior close relationship. Petitioner said several times "I was going off his [Stoutz's] judgment. He my [sic] lawyer". *Id.* at 173. In order

to show prejudice on an ineffective assistance of counsel claim, a defendant must demonstrate that there is reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Counsel also bears the duty of ensuring that a defendant who wishes to plead guilty in fact enters that plea knowingly and voluntarily. Hill, 653 F.2d at 206. In fact, both Petitioner and his trial counsel confirmed at the evidentiary hearing that, had Mr. Handy known what kind of time he was facing, he would not have entered a guilty plea.

In Harmason v. Smith, 888 F.2d 1527 (5th Cir. 1989), a defendant attempted to withdraw his guilty plea, arguing that his attorney made a promise concerning his sentence that was unkept. Following an evidentiary hearing, the Fifth Circuit held that there was no specific, firm sentencing agreement; rather, Harmason had a "less than firm" understanding of what he was facing. *Id.* at 1531-1532. In Harmason, the Fifth Circuit also described the circumstances under which a prisoner could receive federal habeas relief when alleged promises are inconsistent with representations made in open court. A defendant must prove: (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise. *Id.* at 1529. Harmason could not satisfy the three prongs of this standard because there was only a "mere statement of probabilities" by his attorney. *Id.* at 1532.

Unlike Harmason, this Court heard specific testimony, not only from Petitioner, but from his trial counsel, confirming the promise of 13 years. Although Stoutz and even Boyer suggested they might have told Handy 13-17 years, that still falls far short of the 27 years Petitioner actually received. More importantly, Petitioner entered this plea based on the belief (fostered by trial counsel) that he would serve no more than 13 years. Mr. Handy again confirmed this fact, stating

5

"My lawyer told me to plead guilty to some level. And when I took his advice, he ran with it. If he told me I was pleading guilty to 20 years or 27, I would have never pled guilty. My understanding I was pleading to 11-13 years. That was my understanding, original understanding." Hearing Transcript, pg. 182.

In addition to a clear and blatant example of ineffective assistance of counsel, this situation also is analogous to a broken plea bargain by the government. If a guilty plea is "induced by a prosecutorial promise that was later breached, relief will be necessary". United States v. Gonzalez-Hernandez, 481 F.2d 648, 650 (5th Cir. 1973). Petitioner hired counsel, relied on their advice, and entered a guilty plea without knowing the full consequences of his actions. This promise by his attorneys was broken, and Mr. Handy is entitled to relief.

United States v. Palomo, 998 F.2d 253 (5th Cir. 1993) provides that a defendant who alleges breach of a plea agreement has the option of seeking one of two remedies on appeal: (1) specific performance, which requires that sentence be vacated and that defendant be resentenced by a different judge; or (2) withdrawal of guilty plea, and opportunity to plead anew, which requires vacation of both conviction and sentence. In Petitioner's case, because the promise made by his attorneys differs so wildly from the actual sentence, he testified throughout the hearing that he would not have entered a plea had he know what he was facing. These promises were made, and admitted to by both Boyer and Stoutz, and confirmed by Petitioner himself. Mr. Handy requests this Court grant his §2255 petition, vacate his conviction and sentence, and permit him to withdraw his guilty plea.

        Respectfully submitted,
**LAURIE A. WHITE & ASSOCIATES, LLC**


/s/ Laurie A. White
Laurie A. White, Bar No. 17898
Autumn Town, Bar No. 28787
633 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1020
Fax: (504) 525-1025

**Attorneys for Petitioner Harry Handy**