UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARRY HANDY** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | CASE NO.: 00-319 |
| | * | |
| **UNITED STATES OF AMERICA** | * | SECTION: "D" |

FILED: _____

_____ DEPUTY CLERK

### REQUEST FOR CERTIFICATE OF APPEALABILITY

**NOW INTO COURT**, through the undersigned counsel, comes Petitioner Harry Handy, who respectfully requests that this Court issue a *Certificate of Appealability* on the following grounds:

1) Whether Petitioner's trial attorneys were ineffective, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, in that they falsely promised Petitioner he would be sentenced to no more than 13 to 17 years in prison on a guilty plea, or that they advised Petitioner to deny he had been promised a specific sentence at the guilty plea colloquy; and

2) Whether the errors committed by Petitioner's trial counsel prejudiced Petitioner.

Respectfully submitted this 7th day of March, 2007.

        LAURIE A. WHITE & ASSOCIATES, LLC

/s/Laurie A. White
Laurie A. White, Bar No. 17898
Autumn Town, Bar No. 28787
633 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1020
Facsimile: (504) 525-1025

**Attorneys for Petitioner, Harry Handy**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the forgoing has been delivered to the United States Attorney's Office for the Eastern District of Louisiana, via electronic delivery and hand delivery, this 7th day of March, 2007.

/s/ Laurie A. White
Laurie A. White

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARRY HANDY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **CASE NO.: 00-319** |
| | * | |
| **UNITED STATES OF AMERICA** | * | **SECTION: "D"** |

**FILED:** _____

                                                **DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

      **NOW INTO COURT**, through undersigned counsel, comes Petitioner Harry Handy, who respectfully submits this memorandum in support of his request that this Court issue a *Certificate of Appealability* for the issues discussed below.

      On February 5, 2007, this Honorable Court, District Judge A.J. McNamara, signed an *Order and Reasons* and *Judgment*, dismissing Petitioner's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255, holding that he did not prove that his attorneys advised him that he would not receive more than 13 to 17 years imprisonment, or that they advised him to deny that he received a promise of a specific sentence. Based on that finding, this Court further determined that Petitioner was not prejudiced by the actions of his attorneys.

## CERTIFICATE OF APPEALABILITY

In a *habeas corpus* proceeding brought pursuant to 28 U.S.C. § 2255, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). "Section 2253 permits [a federal court] to grant a petition for a COA only if the applicant has made a substantial showing of the denial of a constitutional right." U.S. v. Gobert, 139 F.3d 436, 438 (5th Cir. 1998) (*citing* 28 U.S.C. 2253(c)). Specifically, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Fifth Circuit has held that, in order to make a substantial showing, the applicant must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further." Hill v. Johnson, 210 F.3d 481, 484 (5th Cir. 2000) (internal cites omitted).

In Mr. Handy's case, this Court was ordered by the United States Fifth Circuit Court of Appeals to conduct an evidentiary hearing in order to determine whether Petitioner's attorneys promised he would received 13 to 17 years on a guilty plea, and whether they advised Petitioner to deny that he had received promises of a specific sentence. This Court conducted said hearing, receiving contradictory testimony from Petitioner's two trial counsel, but dismissed Petitioner's claims on the merits. Petitioner asserts that a COA should be granted in this matter, as he was denied substantial constitutional rights when this Court did not grant his claims concerning the improper actions of trial counsel during the pendency of his matter. Petitioner asserts that the COA must be granted under Hill, as the testimony adduced from former trial counsels at the evidentiary hearing is contradictory in and of itself, and with each other, not to mention illustrative of the lack

of knowledge of federal criminal law exhibited by Mr. Handy's plea counsel(s). Thus, reasonable jurists would find the issues presented debatable; a court could resolve the issues in a different manner; and the questions are adequate to require additional proceedings.

> I.  REASONABLE JURISTS WOULD FIND IT DEBATABLE THAT THE DISTRICT COURT CORRECTLY FOUND THAT PETITIONER'S TRIAL ATTORNEYS WERE NOT INEFFECTIVE IN THAT THEY FALSELY PROMISED PETITIONER HE WOULD BE SENTENCED TO NO MORE THAN 13 TO 17 YEARS IN PRISON ON HIS GUILTY PLEA, OR THAT THEY ADVISED HIM TO DENY HE HAD BEEN PROMISED A SPECIFIC SENTENCE AT THE GUILTY PLEA COLLOQUY.

When first charged federally, Petitioner hired Attorney Clifton Stoutz, who had represented him on several matters in state court. However, as this Court noted in its February 5, 2007 *Order and Reasons*, "because this was Mr. Stoutz's first federal criminal case, he recommended to Handy that he also retain attorney Harry Boyer, who was an experienced federal defense attorney". Pg. 12. Although Boyer was retained, and allegedly acted as lead counsel[1], Handy relied on the advice provided by counsel Stoutz, with whom he had a prior close relationship. Petitioner said several times at the evidentiary hearing, "I was going off his [Stoutz's] judgment. He my [sic] lawyer". *Id.* at 173. Thus, Petitioner was relying on faulty sentencing information provided by an attorney unfamiliar and inexperienced with federal criminal law or the sentencing guidelines. Further, Mr. Stoutz was allegedly being coached on the law by an absentee co-counsel, Harry Boyer.

Although this Court maintains in the February 5, 2007 *Order and Reasons* that Petitioner's attorneys did not advise him he would receive no more than 13 to 17 years, this Court discounts the testimony given by both trial counsels and Petitioner at the evidentiary hearing in this matter. (Pg.

---

[1] District Court *Order and Reasons*, pg. 12, n.6.

13-20). Petitioner testified at the evidentiary hearing that he was unaware of the lengthy sentencing consequences of his plea in the instant case, and certainly was not aware of the maximum penalty he faced. According to his sworn testimony during the December 7, 2006 evidentiary hearing, Attorney Boyer did not discuss the sentencing guidelines or enhancements with him prior to sentencing. Furthermore, Petitioner firmly believed that he would receive 11-13 years, but in no case would his sentence exceed 13 years. December 7, 2006 Evidentiary Hearing Transcript (hereinafter Hearing Transcript), pg. 151.

During questioning by the government, Mr. Handy again confirmed this sentence range, admitting that he and his attorneys did discuss his sentence in months-135-168 months. Hearing Transcript, pg. 167. Petitioner was "deadset on 13", and even clarified when questioned by habeas counsel whether he might have misunderstood the possible sentence terms. Petitioner responded: "[n]o, they showed me on the book and everything, and that's what I understood". Hearing Transcript, pg. 160.

This Court did not consider the testimony provided by Petitioner, and determined that "Handy's testimony is not credible". *Order and Reasons,* pg. 19. Yet it is difficult to find Mr. Handy's testimony in-credible when allowing him to withdraw his plea would potentially expose him to an even harsher sentence than he is currently serving. The point is that it is not a knowing, free, or voluntary plea because Petitioner was told to expect a much lower sentence than he actually received. Knowing that he is putting himself in a pretrial posture, one can only find Petitioner's testimony credible.

However, this Court also stated in its *Reasons* that "Stoutz testified that while he explained to Handy that he would fall within the range of 13 and 17, he was adamant that he never promised

a specific sentence" (pg. 14); "Boyer believed that the applicable sentence range was 13-17 years without enhancement, but that with enhancements and criminal history, the range went higher" (pg. 16); and that Boyer "*probably discussed* with Handy that even by pleading guilty he could still potentially receive a life sentence" (pg. 17, emphasis added).  By all accounts, Petitioner thought he was facing 13 to 17 years, as did his attorneys, and they admitted they did not discuss potential enhancements prior to his plea.  The testimony put forth at the evidentiary hearing supports this contention, and reasonable jurists would differ whether the meaning of Petitioner's trial attorneys' comments to the client guaranteed a 13 to 17 year sentence, when it appears their entire term of representation can only be characterized by a lack of preparation, communication, and incomplete information.

Petitioner also testified that his attorneys did not review his factual basis and plea letter with him until the morning of his sentencing in the courtroom.  He also testified that he tried to read before signing, but was told to hurry up and sign, **details which were confirmed by testimony from both Boyer and Stoutz** at this same hearing.  Hearing Transcript, pg. 157, 170-173.  It was during his sentencing, following the district court's denial of the enhancement objections, that Petitioner first tried to withdraw his guilty plea, and before Petitioner was even sentenced.  At the evidentiary hearing, the Court noted this fact as significant.  *Id.* at 158.  Petitioner also attempted to withdraw his plea because the sentencing range differed from what his attorneys had communicated.  *Id.* at 157. Clearly Petitioner was unaware of the lengthy consequences he should have expected, a fact which is supported by his testimony and that of both his trial counsel.

Brady v. United States provides that a plea of guilty, must, as a matter of due process, be a voluntary, knowing, and intelligent act.  397 U.S. 742, 747-748 (1970).  For that plea to be knowing

7

and voluntary, a defendant must be advised of and understand the consequences of the guilty plea. *See* McMann v. Richardson, 397 U.S. 759, 766 (1970); United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). As long as the defendant understands the length of time he might possibly receive, he is fully aware of the consequences. These consequences, in sentencing terms, mean a defendant must know the maximum penalties faced. United States v. Guerra, 94 F.3d 989, 995 (5th Cir. 1996); Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982). Furthermore, those "outer limits must be precisely, and not just substantially, known". Hill v. Estelle, 653 F.2d 202, 205 (5th Cir. 1981), *citing* United States v. Perwo, 433 F.2d 1301 (5th Cir. 1970). If Petitioner was unaware of the actual sentence he faced, his guilty plea cannot be considered voluntary, knowing, and intelligent.

More importantly, Attorney Stoutz confirmed that he told Petitioner he was only facing 13-17 years, approximately half of the 27 years Petitioner actually received. Hearing Transcript, pg. 25, 26, 29. Even more egregious, Stoutz testified that after receiving the presentence report with a minimum recommendation of 262 months and a maximum of 327 months, he still did not tell Petitioner what the actual minimum and maximum sentences were that Handy was facing, since Stoutz, himself a newly admitted lawyer, did not understand the guidelines as this was his very first federal case. *Id.* at 49-52. While a defendant does not have to know the sentence he will receive, it must be shown that he understands the consequences of his plea, which includes the length of sentence and amount of fine he might possibly receive. United States v. Maggio, 514 F.2d 80,87 (5th Cir. 1975).

This Court cites United States v. Herrera, 412 F.3d 577 (5thCir. 2005), noting that "[f]ailing to properly advise the defendant of the maximum sentence that he court [sic] receive falls below the objective standard required by *Strickland*". *Order and Reasons*, pg. 11. As shown above, trial

8

counsels did not properly advise Petitioner of the maximum sentence he could receive, instead telling him he was facing 13 to 17 years. It is one decision to consider pleading guilty to 13 to 17 years, and another decision entirely to plead guilty to a possible or even likely sentence of 27 years. As this Court also pointed out, the Herrera Court stated that the "precise advice of counsel was essential to deciding whether to accept the Government's plea offer", as is the case in Petitioner's matter. *Order and Reasons*, pg. 12. Telling Petitioner he could possibly get a life sentence, but that he was only facing 13 to 17 years, renders his plea involuntary and unknowing.

If the testimony and evidence produced at the evidentiary hearing "demonstrate no more than an understanding on [Handy's] part that his sentence would probably be no more than [13 to 17 years], but that this was not certain and was contingent on the judge's evaluation of the forthcoming pre-sentence report" (*Order and Reasons*, pg. 19, *citing* Harmason v. Smith, 888 F.2d 1527 (5th Cir. 1989)), there is still an understanding on Handy's part that he would receive 13 to 17 years. In Harmason, a defendant attempted to withdraw his guilty plea, arguing that his attorney made a promise concerning his sentence that was unkept. Following an evidentiary hearing, the Fifth Circuit held that there was no specific, firm sentencing agreement; rather, Harmason had a "less than firm" understanding of what he was facing. *Id.* at 1531-1532. Petitioner did not have a "less than firm" understanding of what sentence he was facing, instead firmly believing he was facing no more than 17 years.

According to Harmason, a prisoner can receive federal habeas relief when alleged promises are inconsistent with representations made in open court. A defendant must prove: (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise. *Id.* at 1529. Harmason could not

satisfy the three prongs of this standard because there was only a "mere statement of probabilities" by his attorney. *Id.* at 1532.

Unlike Harmason, this Court heard specific testimony, not only from Petitioner, but from his trial counsel, confirming the sentencing range to be 13 years. Although Stoutz and even Boyer suggested they might have told Handy 13-17 years, that falls far short of the 27 years Petitioner actually received. More importantly, Petitioner entered this plea based on the belief (fostered by trial counsel) that he would serve no more than 13 years. Mr. Handy again confirmed this fact, stating "My lawyer told me to plead guilty to some level. And when I took his advice, he ran with it. If he told me I was pleading guilty to 20 years or 27, I would have never pled guilty. My understanding I was pleading to 11-13 years. That was my understanding, original understanding." Hearing Transcript, pg. 182. Reasonable jurists would differ whether Petitioner's trial counsel promised a specific sentence that differed substantially from the actual 27 year sentence received, and this Court should grant a *Certificate of Appealability* on this claim.

Moreover, this Court further determined that Petitioner's trial attorneys did not advise him to deny he had received promises of a specific sentence, finding that claim to be "simply incredulous". *Order and Reasons*, pg. 22. However, trial counsels' testimony at the evidentiary hearing contradicted each other, as well as Petitioner, and while this Court noted that it "conducted Handy's plea hearing" and "observed the demeanor of Handy and his counsel during the plea hearing", Petitioner has already established that trial counsel provided conflicting information even at this hearing concerning the details and advice given him on his plea agreement. Moreover, none of the conversation between Petitioner and his trial counsel during the guilty plea was recorded or

transcribed, and the conversations that have been recorded[2] do not cast trial counsel in a positive light. Reasonable jurists would find it debatable that Petitioner would still have entered a guilty plea had he known he was facing close to 30 years–trial would have been an option according to the testimony of both Petitioner and his trial counsel. A Certificate of Appealability should be granted on this claim.

## II.  REASONABLE JURISTS WOULD FIND IT DEBATABLE THAT THE DISTRICT COURT CORRECTLY FOUND THAT THE ERRORS BY PETITIONER'S TRIAL ATTORNEYS DID NOT PREJUDICE PETITIONER

Petitioner did not receive effective assistance of counsel at the trial of his plea, which clearly caused him detriment, and based on the promises of counsel, entered a guilty plea. In order to show prejudice on an ineffective assistance of counsel claim, a defendant must demonstrate that there is reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Counsel also bears the duty of ensuring that a defendant who wishes to plead guilty in fact enters that plea knowingly and voluntarily. Hill, 653 F.2d at 206. In fact, both Petitioner and his trial counsel confirmed at the evidentiary hearing that, had Mr. Handy known what kind of time he was facing, he would not have entered a guilty plea. Debating whether he would have received the same sentence at trial is irrelevant, as both Petitioner and his trial counsel confirmed that had he known what kind of time he was facing, Petitioner would not have entered a guilty plea. Under Lockhart, a petitioner demonstrates prejudice on an ineffective assistance of counsel claim when there is a reasonable

---

[2] Through the Freedom of Information Act, Petitioner obtained a transcription of a telephone call between himself and Attorney Stoutz that took place while Petitioner was incarcerated post-sentence with the Bureau of Prisons (BOP). As was shown by that transcript, Stoutz had a limited understanding of federal criminal law and the sentencing guidelines, as evidence by several statements made to Petitioner that were not legally sound.

probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner demonstrated his desire to withdraw his guilty plea in open court even before he was sentenced, and has shown (which is supported by testimony of trial counsel) that he would have gone to trial had he known he was in fact facing upwards of 27 years. This certainly is a due process violation that warrants relief. "Ignorance of the consequences of the plea is a factor that may require its rejection". <u>Lewellyn v. Wainwright</u>, 593 F.2d 15, 17 (5th Cir. 1979). More importantly, a conviction based on an involuntary or coerced plea, whether through ignorance, fear, or inadvertence, is invalid and inconsistent with due process of law. <u>Haacks v. Wainwright</u>, 387 F.2d 176, 177-178 (5th Cir. 1968). In <u>Lewellyn</u>, the United States Fifth Circuit determined that because Lewellyn was ignorant of the maximum sentence he was exposed to following his guilty plea, his plea was involuntary and invalid as a matter of due process. 593 F.2d at 17.

Petitioner hired counsel, relied on their advice, and entered a guilty plea without knowing the full consequences of his actions. This promise by his attorneys was broken, and Mr. Handy is entitled to relief. <u>United States v. Palomo</u>, 998 F.2d 253 (5th Cir. 1993) provides that a defendant who alleges breach of a plea agreement has the option of seeking one of two remedies on appeal: (1) specific performance, which requires that sentence be vacated and that defendant be resentenced by a different judge; or (2) withdrawal of guilty plea, and opportunity to plead anew, which requires vacation of both conviction and sentence. In Petitioner's case, because the promise made by his attorneys differs so wildly from the actual sentence, he testified throughout the hearing that he would not have entered a plea had he known what sentence he was facing. These promises were made, admitted to by both Boyer and Stoutz, and confirmed by Petitioner himself. Reasonable jurists

would certainly find it debatable as to whether knowing the actual sentence he was facing would have changed Petitioner's decision about entering a guilty plea, and had his attorneys provided the correct information, it is likely that Petitioner would have gone to trial. Therefore, a Certificate of Appealability should be granted on this claim.

**WHEREFORE**, considering the claims asserted above, Petitioner requests that this Honorable Court preserve his constitutional rights by granting a Certificate of Appealability in this matter.

Respectfully submitted this 7th day of March, 2007.

**LAURIE A. WHITE & ASSOCIATES, LLC**

/s/ Laurie A. White
Laurie A. White, Bar No. 17898
Autumn Town, Bar No. 28787
633 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1020
Facsimile: (504) 525-1025

**Attorneys for Petitioner, Harry Handy**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the forgoing has been delivered to the United States Attorney's Office for the Eastern District of Louisiana, via electronic delivery, this 7th day of March, 2007.

/s/ Laurie A. White
Laurie A. White