U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  SEP - 8 2008  wp

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARRY HANDY

v.

UNITED STATES OF AMERICA

CASE NO. 00-319 D(2)

MOTION TO REDUCE THE TERM OF
IMPRISONMENT UNDER 18 USC 3582(c)(2)



Fee _____
Process _____
X  Dktd _____
X  CtRmDep _____
Doc No. _____

Counsel - Pro Se
Harry Handy
Reg. #27250-034
FCI Three Rivers
P.O. Box 4200
Three Rivers, TX 78071

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HARRY HANDY,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 00-319 |

MOTION TO REDUCE THE TERM OF
IMPRISONMENT UNDER 18 USC 3582(c)(2)

Comes now, HARRY HANDY, respectfully requesting this Honorable Court to reduce the term of imprisonment pursuant to 18 USC 3582(c)(2), which authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the sentencing guidelines lowers his relevant sentencing range, petitioner requests a resentencing hearing and requests that a counsel be appointed to represent him in any future proceeding.

### JURISDICTION

Jurisdiction is hereby invoked upon this court pursuant to 28 USC 3582(c)(2) to hear and reach the merit of issues presented to this Honorable Court.

## STATEMENT OF FACTS

On October 6, 2000, a seven count indictment was filed in the Eastern District of Louisiana charging HARRY D. HANDY with violation of the Federal Controlled Substance Act, 21 USC 846 and 21 USC 841(a)(1).

On December 8, 2000, the United States Government superseded the indictment.

On March 21, 2001, petitioner on the above-captioned case pled guilty to Count I of the superseding indictment.

On July 11, 2001, petitioner was sentenced to a term of 329 months by the Honorable Judge A.J. McNamara, United States District Judge for the Eastern District of Louisiana. Petitioner is presently serving this said sentence at F.C.I. Three Rivers, located at Three Rivers, Texas.

## OTHER FACTS

At sentencing on July 11, 2001, petitioner was held responsible for 484 grams of cocaine base, which put the petitioner on offense level 34 **plus** 2 points enhancement under U.S.S.G. 2D1.1(b)(1) "possession of weapon during a commission of crime", 2 points under 3B1.1 "organizer", and 2 points under 3C1.2 "reckless endangerment", which put the total offense level at 40 and, with reduction of 3 points under 3E1.1(a) & (b) "Acceptance of Responsibility", put him at 37 points.

## MEMORANDUM IN SUPPORT OF

On December 10, 2007, the Supreme Court in Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) ruled that judges can consider the unfairness of the 100-to-1 ratio between Crack Cocaine and Powder Cocaine sentences, and may impose a sentence below the crack guideline in cases where the guideline sentence is too harsh. United States v. Booker, 125 S.Ct 738 (2005), "...the Sentencing Guidelines, like all other Guidelines, are advisory only." A judge may determine that, in a particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, and in doing so, the judge may consider the disparity between the Guideline treatment of Crack and Powder Cocaine offenses.

District Courts mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purpose of sentencing specified in 3553(a)(2). Therefore, if the Court did not impose the least burdensome sanction that would have satisfied the specified purposes of punishment, the un-parsimonious sentence should be vacated. See Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) (Section 3553(a) "as modified by Booker, contains an overreaching provision instructing district court to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing").

On December 11, 2007, the United States Sentencing Commission voted unanimously to apply the amendment

retroactively for Crack Cocaine offenses; the effective date for retroactivity was set for March 3, 2008. AS a result of the amendment to the Guidelines, which lowers the Guideline range applicable to this petitioner, petitioner requests that this Honorable Court conduct a resentencing hearing pursuant to 18 USC 3583(a)(2), wherein petitioner may be re-sentenced de novo under the Advisory Guideline regime, as to this entire sentence. United States v. Booker's requirement that the district court treat the United States Sentencing Guidelines as advisory applies to the resentencing of defendant pursuant to 18 USC 3582(c). Regardless of whether 3582(c)(2) re-sentencing constitutes full de novo sentencing, they clearly require the Court to impose a sentence based upon its evaluation of the 3553(a) factors, a process that cannot be circumscribed by a policy statement. The Issue is analogous to pre-Booker cases in which courts held that once the authority to reduce sentences under 3582(c)(2) is triggered by a retroactive guideline, the sentencing court must consider all relevant statutory sentencing criteria currently in existence, even of such criteria did not exist at the time of the original sentencing and is otherwise unrelated to the triggering amendment.

Petitioner in the above-captioned case was sentenced in 2001 under the 2001 guideline for a crime involving Crack

Cocaine which calculated crack cocaine amount pursuant to a 100-to-1 ratio, Crack Cocaine was used in calculating this petitioner's base offense level and, because the Sentencing Commission lowered the guideline range for crack offenses for those sentenced on or after November 1, 2007 in order to partially alleviate the urgent and compelling problem of over-incarceration and unwarranted disparity resulting from 110-t0-1 powder/crack ratio, and because the Commission voted that the amendment should apply to persons sentenced before November 1, 2007 because "the statutory purpose of sentencing is best served by retroactive application of the amendment", petitioner is entitled to 3582(c)(2) proceedings.

### WHETHER THE ENHANCEMENT USED IN ROLE OF OFFENSE VIOLATED MR. HANDY'S SIXTH AMENDMENT RIGHTS

The Court in this instant case incorrectly made factual findings based on a preponderance of evidence standard, and used these findings to support a sentence enhancement, which was a violation of petitioner's Sixth Amendment rights.

In United States v. Booker, 125 S.Ct. 738 (2005), the defendant challenged his sentence on the ground that the sentencing guidelines violated the Sixth Amendment insofar as they permitted the judge to find facts, other than those relating to a defendant's criminal history, that determine the defendant's sentencing range and the court agreed, reversing

the defendant's sentence.

On January 12, 2005, the Supreme Court in Booker determined that the federal sentencing guidelines limit the severity of the sentence that a judge can lawfully impose on a defendant to the facts found by the jury at trial.

The Supreme Court in Blakely v. Washington, 540 U.S. 965 (June 24, 2004) held: "because the facts supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment right to a trial by jury."

In this instant case, petitioner's base offense level was enhanced by 2 levels pursuant to U.S.S.G. 2D1.1(b)(1), "possession of a weapon during a commission of a crime" 2 levels under 3C1.2 "reckless endangerment", and 2 levels under 3B1.1 "organizer"; these enhancements were based solely on probation officer's report and found by the judge under preponderance of the evidence. These facts were not found by the jury, thus violating petitioner's Sixth Amendment rights. It is clear that these enhancements deserve further review in light of recently established case law and that the time for further review would be at an 18 USC 3582(c)(2) resentencing hearing.

## CONCLUSION

The Court incorrectly made factual findings based on a preponderance of evidence standard, and used these findings to support sentence enhancements, which was in violation of petitioner's Sixth Amendment rights.

When considering reducing his sentence, petitioner requests that the court consider the facts and arguments set forth above, as well as some of the recent decisions as they may apply to his case.

In United States v. Booker, 125 S.Ct. 738 (2005), the defendant challenged his sentence on the ground that the Sentencing Guidelines violated the Sixth Amendment insofar as they permit the judge to find facts, other than those relating to a defendant's criminal history, that determine the defendant's sentencing range and the court agreed, reversing the defendant's sentence. On January 12, 2005, the Supreme Court in Booker determined that the Federal Sentencing Guidelines limit the severity of the sentence that a judge can lawfully impose on a defendant to the facts found by the jury at trial.

See also, United States v. Hicks, 472 F.3d 1167, 1172-73 (9th Cir. 2007) ("to the extent that policy statements must give way").

Under United States v. Booker, the cocaine sentencing guidelines, like all other guidelines, are advisory only, and

the court of appeals erred in holding that a sentence outside the guideline range is, per se, unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses. A judge may determine that, in a particular case, a within-guidelines sentence is "greater than necessary" to serve the objectives of sentencing, and in doing so, the judge may consider the disparity between the guidelines' treatment of crack and powder cocaine offenses. Kimbrough v. United States, No. 06-6330 (Supreme Court, December 10, 2007).

When a district judge sets a defendant's base offense level by aggregating drug quantities from uncharged or unconvicted conduct, the judge must explicitly state and support, either at the sentencing hearing or (preferably) in a written statement of reasons, its finding that the unconvicted activities bore the necessary relation to the convicted offense. See United States v. Hawk, No. 04-4112 (7th Cir. January 17, 2006) and United States v. Patel, 131 F.3d 1195, 1203.

Petitioner submits that his sentence was unreasonable and that, considering the points of authority and reasons presented herein, 168 months would more closely reflect considerations of fairness and justice.

Respectfully Submitted,

_____
HARRY HANDY

## CERTIFICATE OF SERVICE

On this __2__ day of the __9__ month, I served the foregoing motion on the following: <u>CLERK of the United States District Court, Eastern District of Louisiana</u>, via United States Postal Service Certified Mail, Return Receipt Requested, Article #7007 2560 0000 7185 6301, with postage pre-paid, in a sealed envelope properly addressed thereto.

_____
HARRY HANDY

